UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KAY SNEED,<br><br>    Petitioner,<br><br>    v.<br><br>M.E. SPEARMAN, Warden,<br><br>    Respondent. | No. 2:18-cv-0506 MCE KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel and in forma pauperis. Petitioner filed an amended application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 12.) Petitioner challenges a prison disciplinary violation for battery on a peace officer. Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations. For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

A respondent's motion to dismiss is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Under Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For a state prisoner challenging a final administrative decision, this limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012). "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." Id. (citing Shelby v. Bartlett, 391 F.3d 1060, 1066 (9th Cir. 2004), and Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003).

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2). When pertinent, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); see also Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 216-17 (2002). However, there is no statutory tolling for the period between a final state court decision and the filing of a federal petition. Duncan v. Walker, 533 U.S. 167 (2001).

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of proving application of equitable tolling. Banjo, 614 F.3d at 967 (citations omitted).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On August 5, 2015, a Rules Violation Report ("RVR"), Log # FB-1-08-001, or prison disciplinary, was issued to petitioner for allegedly battering a peace officer. (ECF No. 12-1 at

103.) On August 17, 2015, following a hearing,[1] petitioner was found guilty of battery on a peace officer in RVR Log # FB-1-08-001. (ECF No. 12-1 at 103-08.)

2. Petitioner filed an administrative appeal in which he alleged that he was assaulted on August 5, 2015, by Correctional Officer M. Boim, and that petitioner was taken to administrative segregation and charged with battery on a peace officer, and weeks later he was transferred to a different prison, and was found guilty, losing 150 days' credit and an 11 month SHU term imposed, but no disciplinary hearing was held on the battery charge. (ECF No. 12-1 at 95-99.) The appeal was accepted and processed as a staff complaint. (ECF No. 12-1 at 93-94.) On December 5, 2015, petitioner was informed that all issues unrelated to the allegation of staff misconduct must be separately appealed, and his appeal concerning staff misconduct was partially granted. (ECF No. 12-1 at 93-94.)

3. Petitioner sought second level review, and the reviewer identified petitioner's request as reiterating both his claim of staff misconduct as well as his other claim that he was charged with battery on a peace officer and taken to administrative segregation yet never received a disciplinary hearing, and requested that the charge of battery be overturned and purged from his central file. (ECF No. 12-1 at 87.) But plaintiff was again reminded that he does "not exhaust administrative remedies on any unrelated issues not covered in this response." (ECF No. 12-1 at 87.) On February 11, 2016, the staff complaint was partially granted at the second level of review, and the matter was referred to the Office of Internal Affairs for follow-up and possible investigation. (ECF No. 12-1 at 87-88.) Petitioner was also reminded that he must appeal to the third level of review to exhaust his administrative remedies. (ECF No. 12-1 at 88.)

4. Following third level review, petitioner's allegation of staff misconduct was denied on May 10, 2016. (ECF No. 12-1 at 85-86.) The third level review noted that petitioner had attempted to add new issues and requests to the appeal, and expressly did not address such issues

---

[1] The RVR reflects that petitioner was present at the beginning of a hearing on August 17, 2015, but that petitioner was removed from the hearing after failing to heed warnings to refrain from interrupting and generally refusing to cooperate with the proper conduct of the hearing. (ECF No. 12-1 at 106.) The hearing officer entered a plea of not guilty on petitioner's behalf, and held the remainder of the hearing in petitioner's absence. (Id.)

and requests inasmuch as it was inappropriate to expand the appeal beyond the initial problem. (ECF Nos. 12-1 at 86; 17 at 72.)

5. None of the administrative appeal decisions substantively addressed petitioner's due process challenges to the RVR.

6. On May 13, 2017,[2] petitioner signed a petition for writ of habeas corpus in the Lassen County Superior Court challenging the August 17, 2015 prison disciplinary. (ECF No. 17 at 6-23.) On October 2, 2017, the state superior court denied the petition, finding that the petition did not state facts constituting a prima facie basis for relief, and citing People v. Romero, 9 Cal. 4th 464, 474 (1995). (ECF No. 17 at 81.)

7. On October 9, 2017, petitioner signed a petition for writ of habeas corpus challenging the RVR in the California Court of Appeal, Third Appellate District. (ECF No. 17 at 84.) The state appellate court denied the petition on November 16, 2017, without comment. (ECF No. 17 at 182.)

8. On November 28, 2017, petitioner signed a petition for writ of habeas corpus in the California Supreme Court, No. S245782. (ECF No. 17 at 190.) On February 21, 2018, the California Supreme Court denied the petition without comment. (ECF Nos. 1 at 10; 17 at 292.)

9. On March 8, 2018, petitioner signed the original petition in this action. (ECF No. 1 at 9.) On July 17, 2018, the petition was dismissed, but petitioner was granted leave to file an amended petition. On August 3, 2018, he signed his amended federal petition. (ECF No. 12 at 8.)

10. Respondent filed the motion to dismiss on November 16, 2018. (ECF No. 17.) Petitioner filed an opposition, and respondent filed a reply. (ECF Nos 22, 23.) Petitioner's request to file a sur-reply was denied.

////

////

---

[2] All of petitioner's state court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

IV. Statutory Tolling

Respondent argues that because petitioner did not properly exhaust his challenge to the RVR, the statute of limitations begins to run as soon as the prisoner knew or could have known the facts that support his claim, citing see Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). (ECF No. 17 at 3.) Respondent contends that the limitations period began to run on September 9, 2015, the day after petitioner received a final copy of the RVR hearing results. (ECF No. 17 at 4, citing ECF No. 12-1 at 103.) Because petitioner did not file his initial state court petition until May 13, 2017, 612 days later, respondent argues that the limitations period had expired. (ECF No. 17 at 4.)

The record reflects that petitioner was provided a copy of the initial RVR; on August 10, 2015, he signed a form stating he did not request the hearing be postponed pending outcome of referral for prosecution. (ECF No. 12-1 at 101-08.) On September 8, 2015, petitioner was provided a copy of the RVR after the hearing. (ECF No. 12-1 at 103.) Petitioner does not dispute that he received a copy of the RVR after the hearing, and he does not dispute the dates relied upon by respondent. (ECF No. 22, *passim*.)

The Ninth Circuit has not yet identified when the factual predicate for challenging an RVR or prison disciplinary decision arises when the petitioner fails to file an administrative appeal that is accepted for review. See Bouie v. Fox, 2018 WL 4352877, at *4 (E.D. Cal. Sept. 12, 2018) ("The Ninth Circuit has never expressly addressed when the factual predicate for a habeas claim challenging a prison disciplinary decision arises in the absence of a timely administrative appeal that is accepted for review.") Rather, in Redd, Shelby, and Mardesich, all of the prisoners challenged final administrative decisions addressing their administrative appeals. Id. In cases where RVR challenges were not administratively reviewed, usually because untimely submitted, district courts have found that the factual predicate of an RVR challenge arose on the date the prison disciplinary hearing was held, Clark v. McEwen, 2012 WL 1205509, *8 (S.D. Cal. Feb. 28, 2012), or "the date the administrative decision was made rather than the date the untimely administrative appeal was denied," Duran v. Davey, 2016 WL 4524812 (E.D. Cal. Aug. 29, 2016) (collecting cases).

5

Upon consideration of these authorities, the undersigned finds that in this case, the factual predicate underlying petitioner's RVR challenge arose on September 9, 2015, the day after the RVR hearing when petitioner was provided with a copy of the final RVR. Petitioner is not entitled to any statutory tolling because he did not challenge the RVR in an administrative appeal that was accepted for review, and all of his state habeas petitions were filed long after the one year limitations period had expired on September 9, 2016.[3] State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Under the mailbox rule, petitioner filed the instant action on March 8, 2018, 545 days after the limitations period expired on September 9, 2016.

Petitioner appears to contend that there was a total absence of available state corrective process, rendering such process effectively unavailable to petitioner. (ECF No. 22 at 13.) In support, petitioner cites to the 2015 Special Review of HDSP issued by the Office of the Inspector General. (ECF No. 22 at 14, citing ECF No. 22 at 24-25.) However, petitioner's ability to file his staff complaint through the third level of review rebuts such a broad claim. Moreover, petitioner sets forth no specific facts demonstrating any efforts he made to file an administrative appeal challenging the RVR at issue here. In his opposition he claims he did file an appeal on the hearing officer and officer Boim, but states it was "overlook[ed] not review[ed] by staff whom were required to do so, they then downgraded it to an inquiry," again citing the Inspector General's 2015 special review. (ECF No. 22 at 14.) But petitioner does not provide a copy of

---

[3] Even if the court liberally construed Log #FB-1-08-001 to include a challenge to the RVR, which it does not, the petition remains untimely. The limitations period began to run on petitioner's staff complaint the day after petitioner's third level review was denied in Log # FB-1-08-001, and the one-year statute of limitations expired on May 11, 2017. Petitioner did not file his initial petition for writ of habeas corpus in state court until May 13, 2017, after the limitations period had expired. As noted, state habeas petitions filed after the limitations period has passed cannot revive or toll the statute of limitations. Ferguson, 321 F.3d at 823. Therefore, none of petitioner's state habeas petitions tolled the limitations period for those claims raised in Log #FB-1-08-001.

such appeal, any document confirming such "downgrade," or other supporting responsive documents, and fails to allege specific facts supporting his conclusory statement.

Similarly, petitioner has failed to demonstrate he is entitled to a later trigger date for the beginning of the limitations period. To warrant delayed accrual under section 2244(d)(1)(B), petitioner must demonstrate that illegal conduct by the state or those acting for the state "made it impossible for him to file a timely § 2254 petition in federal court." See Ramirez v. Yates, 571 F.3d 993, 1000-01 (9th Cir. 2009). Also, petitioner must "show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." Bryant v. Arizona Att'y General, 499 F.3d 1056, 1060 (9th Cir. 2007) (citations omitted). The standard for satisfying § 2244(d)(1)(B) is "far higher" than the standard for demonstrating an entitlement to equitable tolling.[4] Ramirez v. Yates, 571 F.3d at 1000-01. Petitioner must show that the alleged impediment "altogether prevented him from presenting his claims in *any* form, to *any* court." See id. at 1001 (citation omitted).

Petitioner has not met such high standard. Although petitioner was housed at HDSP at the time the Inspector General found the administrative appeals process at HDSP was "broken" and "not functioning adequately," petitioner fails to allege facts demonstrating his diligence or efforts to appeal the RVR. Indeed, petitioner was able to file an administrative appeal concerning the officer's alleged misconduct that led to the RVR, and then successfully appealed the decisions through the third level of review. Also, petitioner does not explain his failure to comply with the appeal reviewers' instructions that he must separately appeal issues other than his staff misconduct claim. Petitioner's reliance on a review report concerning the general appeal process at HDSP, without more, is insufficient to meet the high burden required to demonstrate an impediment that allegedly prevented petitioner from filing in federal court, particularly where he was able to successfully appeal his staff misconduct claim through all three levels of review. Thus, petitioner is not entitled to a later trigger date under § 2244(d)(1)(B).

---

[4] As discussed below, in this Circuit "[a] petitioner seeking equitable tolling bears the heavy burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (citation and internal quotations omitted).

Moreover, petitioner objects that California provides no authority clearly defining what time frame is unreasonable in non-capital habeas case filings, particularly where a petition is filed within the AEDPA period of 15 [sic] months from the date the conviction became final on direct appeal. (ECF No. 22 at 13.) In light of such alleged lack of clarity, petitioner appears to argue that the AEDPA limitations period should not apply to him, citing Townsend v. Knowles, 562 F.3d 1200 (9th Cir. 2009). (ECF No. 22 at 8, 13, 15.) However, as argued by respondent, Townsend is inapposite and has been abrogated by Walker v. Martin, 562 U.S. 307, 311 (2011). In Walker, the court considered whether California's timeliness cases could bar federal habeas review, and held that California's procedural timeliness requirement qualifies as an "independent and adequate state ground" sufficient to bar federal habeas review. Id., 562 U.S. at 320-21. No state law procedural bar is at issue here; thus, petitioner's argument is unavailing.

Finally, petitioner's reliance on the underlying merits of his claim is also unavailing. Petitioner contends that the hearing on the RVR violated his right to due process and therefore this court should hear his petition. (ECF No. 22 at 5, 7.) However,

> [s]tatute of limitations issues must be resolved before the merits of individual claims, and before other procedural issues, such as exhaustion and procedural default. White v. Klitzkie, 281 F.3d 920, 921-22 (9th Cir. 2002); see also Spencer v. White, 265 F. Supp. 2d 813, 815 (E.D. Mich. 2003) (characterizing whether action barred by the statute of limitations as a "threshold question"); accord U.S. v. Lopez, 248 F.3d 427, 430 (5th Cir. 2001).

Brian R. Means, Federal Habeas Manual § 9A:7 (2018). Therefore, petitioner's arguments concerning the merits of his claims are not pertinent to the issue of whether his petition was filed within the AEDPA statute of limitations.

Accordingly, for all of the above reasons, petitioner is not entitled to statutory tolling. Because the instant petition was filed 545 days after the limitations period expired on September 9, 2016, the instant action is barred as untimely unless petitioner can demonstrate he is entitled to equitable tolling.

V. Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A litigant

seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418. The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, petitioner does not argue that he is entitled to equitable tolling. Moreover, he alleges no facts demonstrating that he was diligent or that some external force caused his untimeliness. Other than his arguments addressed above, petitioner fails to identify any extraordinary circumstances that prevented him from filing his federal petition within the statute of limitations period. In addition, the record reflects that petitioner waited 612 days after receiving the RVR before he filed his first habeas petition in state court. Such delay fails to show petitioner exercised diligence in pursuing his rights during the limitations period. See Bryant v. Arizona Atty. Gen., 499 F.3d at 1061 ("A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence."). Given petitioner's lengthy delay in bringing the instant action, as well as his failure to allege facts explaining such delay or identifying any extraordinary circumstance, the undersigned cannot find that petitioner is entitled to equitable tolling.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 17) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 1, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/snee0506.mtd.hc.sol.rvr